1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
7                                     AT TACOMA

8    Darla C.,

9                         Plaintiff,            CASE NO. 3:18-cv-05446-DWC

10         v.                                   ORDER REVERSING AND
                                                REMANDING DEFENDANT'S
11   Commissioner of Social Security            DECISION TO DENY BENEFITS
     Administration,
12
                          Defendant.
13

14
           Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of
15
     Defendant's denial of Plaintiff's application disability insurance benefits ("DIB"). Pursuant to 28
16
     U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have
17
     consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.
18
           After considering the record, the Court concludes the Administrative Law Judge ("ALJ")
19
     erred in evaluating the medical opinion evidence of examining physician, Ron Nielsen, M.D.
20
     Had the ALJ properly considered Dr. Nielsen's opinion, the residual functional capacity ("RFC")
21
     may have included additional limitations. The ALJ's error is therefore harmful, and this matter is
22
     reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting
23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

1  Commissioner of Social Security ("Commissioner") for further proceedings consistent with this

2  Order.

3                              FACTUAL AND PROCEDURAL HISTORY

4        On May 28, 2014, Plaintiff filed an application for DIB, alleging disability as of April 6,

5  2011. *See* Dkt. 6, Administrative Record ("AR") 17, 171-72. The application was denied upon

6  initial administrative review and on reconsideration. *See* AR 64-97. A hearing was held before

7  ALJ Joanne Dantonio on October 3, 2016. *See* AR 36-69. In a decision dated May 3, 2017, the

8  ALJ determined Plaintiff to be not disabled. *See* AR 15-29. Plaintiff's request for review of the

9  ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision

10 of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

11       In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly

12 evaluate the medical opinion evidence, and (2) failing to properly evaluate Plaintiff's subjective

13 symptom testimony. Dkt. 8. Plaintiff argues this case should be remanded for an award of

14 benefits, or in the alternative, further proceedings with instructions to reevaluate all of the

15 evidence. Dkt. 8.

16                                    STANDARD OF REVIEW

17       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

18 social security benefits if the ALJ's findings are based on legal error or not supported by

19 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

20 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

21

22

23

24

<u>DISCUSSION</u>

**I.    Whether the ALJ erred by failing to properly evaluate the medical opinion evidence.**

Plaintiff alleges the ALJ erred by failing to properly evaluate the medical opinion evidence of Ron Nielsen, M.D.; Janet Todd, physical therapist; John Blair, M.D.; Dana Sanford, occupational therapist; C. Kevin Bulley, M.D.; and Bryant Marchant, M.D. Dkt. 8.

A.    <u>Examining physician, Dr. Nielsen</u>

Plaintiff alleges the ALJ erred in assigning little weight to the consultative report from examining physician, Dr. Nielsen. Dkt. 8.

On August 27, 2014, Dr. Nielsen diagnosed Plaintiff with chronic back pain with continuing radicular symptoms consisting of sciatic nerve pain and incontinence. AR 685. Dr. Nielsen opined Plaintiff's condition was chronic and most likely permanent. AR 685. Dr. Nielsen opined Plaintiff is limited to standing 10 to 15 minutes at a time with 15 to 20 minutes rest up to four hours in an eight-hour day. AR 685. Dr. Nielsen opined Plaintiff is limited to walking 10 to 15 minutes at a time with 15 to 20 minutes rest up to four hours in an eight-hour day. AR 685. Dr. Nielsen opined Plaintiff's maximum sitting capacity is 60 minutes at a time with frequent movement and breaks up to four hours per day. AR 685. Dr. Nielsen opined Plaintiff can lift and carry 10 pounds occasionally and 20 pounds rarely. AR 685. Dr. Nielsen opined Plaintiff's ability to balance, stoop, kneel, crouch, and crawl are severely limited due to pain and immobility in her back. AR 686. Dr. Nielsen opined Plaintiff's ability to reach, handle, finger, and feel are limited to the extent such activities require stabilization of the back. AR 686. Dr. Nielsen opined Plaintiff's ability to work at heights, with heavy machinery, and extreme temperatures is limited due to poor mobility. AR 686.

The ALJ assigned little weight to Dr. Nielsen's opinion, reasoning it was internally inconsistent and inconsistent with the record showing symptom exaggeration. AR 25-26.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

*1. Internal inconsistencies*

First, the ALJ found Dr. Nielsen's opinion was internally inconsistent with Dr. Nielsen's physical examination findings. AR 25-26. The ALJ cited to evidence wherein Dr. Nielsen found Plaintiff had some difficulty walking due to her back condition, but found there was no indication she would not be able to perform sedentary work on a regular and continuing basis. AR 25. The ALJ also noted Dr. Nielsen identified significant pain reports by Plaintiff at joint areas for which she had no medically determinable condition, and the x-ray performed on the day of the examination was normal. AR 25-26. Internal inconsistencies within a physician's report constitute relevant evidence in judging the weight to be attributed to that report. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of a medical opinion which was internally inconsistent).

However, here, the record fails to support the purported inconsistencies. Rather, the record reflects objective findings which are consistent with Dr. Nielsen's opinion. Dr. Nielsen found Plaintiff's straight leg raising test[1] was positive for neuropathic symptoms radiating into the buttocks and upper thigh, and Plaintiff had significant pain radiating from her back from movement of either hip. AR 684. Dr. Nielsen observed Plaintiff was not able to hop, bend, or squat. AR 684. Although the x-ray of Plaintiff's spine showed normal alignment and normal facets and soft tissues, during the examination, Dr. Nielsen found Plaintiff had limited range of motion in her back and shoulders and severe hypersensitivity to light palpitation in her low back. AR 684-85. Dr. Nielsen also noted Plaintiff had a normal range of motion in her elbows, wrists, thumbs/fingers, hips, knees, and ankles, but Plaintiff exhibited significant pain in those areas. AR 684-85.

Thus, while Plaintiff's x-ray was normal and she had a normal range of motion in several joint areas, the ALJ's selective reliance on these findings is not a sufficient basis for undermining Dr. Nielsen's opinion. Instead, the ALJ erroneously selectively picked evidence from the record, and ignored the evidence supporting Dr. Nielsen's opinion. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (an ALJ may not properly reject a medical opinion based on a selective reliance of the relevant treatment evidence); *Reddick*, 157 F.3d at 722-23 (an ALJ must not "cherry-pick" certain observations without considering their context). Moreover, the fact Plaintiff has a normal range of motion in some joint areas and a normal x-ray is not necessarily inconsistent with Dr. Nielsen's opinion regarding Plaintiff's ability to stand, walk, and sit, particularly in light of Dr. Nielsen's findings of significant pain, limited mobility in Plaintiff's

---

[1] *Soria v. Colvin,* WL 1820088, at *1 (E.D. Cal. Apr. 30, 2013) (defining a straight leg raising test as testing to determine whether a patient with low back pain has an underlying herniated disc, results are positive if the patient experiences pain down the back of the leg when the leg is raised.).

back and shoulders, and a positive straight leg raising test. *See e.g. Sonja S.R. v. Berryhill,* 2018 WL 3460165, at *9 (C.D. Cal. July 16, 2018) ("The fact that plaintiff exhibited a steady gait at the doctor's office and normal range of motion in her extremities did not mean plaintiff did not suffer from lower extremity pain."); *Fiorucci v. Comm'r of Soc. Sec.,* 2014 WL 357115, at *2 (D. Or. Jan. 29, 2014) (physician's findings indicating a normal range of motion and significant pain were not inconsistent with opinion the plaintiff's pain interfered with attention and concentration, the plaintiff would likely miss five days of work per month and would need to take unscheduled breaks during the workday).

Therefore, this is not a specific and legitimate reason supported by substantial evidence for rejecting Dr. Nielsen's opinion.

### 2. Symptom exaggeration

Next, the ALJ found Dr. Nielsen's opinion was inconsistent with the record showing symptom exaggeration. AR 25-26. The ALJ cited to inconsistent clinical observations between the opinions of Dr. Nielsen and Dr. Marchant, Plaintiff's treating physician, and "opinions of other sources." AR 25-26. However, even if there are differences between the observations and clinical findings among several physicians, the ALJ must explain *why* one opinion is more credible than another. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ errs when he rejects a medical opinion or assigns it little weight when asserting without explanation another medical opinion is more persuasive). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Garrison,* 759 F.3d at 1012 (internal quotation marks and citation omitted). Here, the ALJ's conclusory statement generally finding Dr. Nielsen's opinion inconsistent with other opinions in the record is insufficient. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.

1988) (internal footnote omitted); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the

ALJ's rejection of a physician's opinion on the ground it was contrary to clinical findings in the

record was "broad and vague, failing to specify why the ALJ felt the treating physician's

opinion  was flawed").

       Defendant argues the ALJ's decision was justified because Dr. Marchant's subsequent

examination was "more detailed" than Dr. Nielsen's examination, noting Dr. Nielsen did not test

axial loading, en bloc rotation, or straight leg raising testing in both supine and seated positions.

Dkt. 14 at 12. However, any lack of detail in Dr. Nielsen's examination compared to Dr.

Marchant's examination was not a reason relied on by the ALJ, *see* AR 25-26, and according to

the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the

ALJ's decision based on the reasoning and actual findings offered by the ALJ—not *post hoc*

rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v.

Comm'r of SSA,* 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.,* 332 U.S.

194, 196 (1947) (other citation omitted)).

       In addition, as Plaintiff points out, the record reveals a number of instances where other

medical sources noted abnormal symptoms similar in nature to Dr. Nielsen's observations. Dkt. 8

at 9 (citing AR 1058-59 (During a spinal examination in July 2014, Plaintiff presented with

diminished strength and sensation, Plaintiff's provider opined she had 73% objective functional

lower body impairment and 70% perceived pain interference)). Even Dr. Marchant noted

abnormalities in his examination. AR 718-19 (noting Plaintiff had severe reaction to en block

trunk rotation and was unable to tolerate a few degrees of rotational motion, limited range of

motion in lumbar spine, pain in her lower back and hips, had a positive straight leg raising test,

wide-based antalgic gait, loss of light touch and pin prick sensation on left, and positive Patrick's

maneuver results[2]). The ALJ failed to address this evidence which is consistent with Dr. Nielsen's opinion. *See Holohan*, 246 F.3d at 1205 (an ALJ may not properly reject a medical opinion based on a selective reliance of the relevant treatment evidence).

The ALJ also indicated Dr. Nielsen failed to consider "signs that [Plaintiff's] symptoms were excessive." AR 26. However, during his examination, Dr. Nielsen found no evidence of pain exaggeration, poor effort or inconsistencies. AR 682-86. In fact, Dr. Nielsen specifically found Plaintiff had "good cooperation through the exam without inconsistencies." AR 682-86. In light of Dr. Nielsen's objective findings including Plaintiff's significant pain, limited mobility in her back and shoulders, and a positive straight leg raising test, the evidence fails to demonstrate anything occurring during Dr. Nielsen's evaluation called Plaintiff's credibility into question.

Accordingly, the Court concludes this is not a specific and legitimate reason, supported by substantial evidence, for assigning little weight to Dr. Nielsen's opinion.

3. *Harmless error*

After considering the record and the ALJ's findings, the ALJ has failed to provide a specific and legitimate reason, supported by substantial evidence, for giving little weight to Dr. Nielsen's opinion. Next, the Court considers whether the error is harmless.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

---

[2] *See Taylor v. Commissioner of Social Sec.,* 2013 WL 1305291, at *3 n. 3 (W.D. Mich. Mar. 28, 2013) (defining Patrick's tests as testing for sacroiliac joint problems).

application of judgment" by the reviewing court, based on an examination of the record made

"'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Furthermore, "the fact that

the administrative law judge, had [she] considered the entire record, might have reached the

same result does not prove that [her] failure to consider the evidence was harmless. Had [she]

considered it carefully, [she] might well have reached a different conclusion." *Hollingsworth v.*

*Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (quoting *Spiva v. Astrue*, 628 F.3d

346, 353 (7th Cir. 2010)).

Had the ALJ properly considered Dr. Nielsen's opinion, the ALJ may have found

Plaintiff disabled or included additional limitations in the RFC. For example, Dr. Nielsen opined

Plaintiff was limited to standing and walking up to 10 to 15 minutes at a time with a 15 to 20

minutes rest for a maximum of four hours in an eight-hour day. AR 685. These limitations were

not accounted for in the RFC. *See* AR 19-20 (RFC limited Plaintiff to sedentary work including

standing at one-hour increments up to two hours in a day and walking in 30 minute increments

up to two hours in a day). If Dr. Nielsen's opinion as to Plaintiff's limitations were included in

the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability

determination may have changed. Therefore, the ALJ's error is not harmless. *See Molina*, 674

F.3d at 1115.

B. <u>Remaining medical opinion evidence</u>

Plaintiff also contends the ALJ improperly evaluated the opinions of Ms. Todd, Dr. Blair,

Ms. Sanford, Dr. Bulley, and Dr. Marchant. Dkt. 8. The Court concludes the ALJ committed

harmful error in assessing Dr. Nielsen's opinion and this case must be remanded for further

consideration. *See* Section I.A., *supra*. As this case must be remanded, the Court declines to

consider whether the ALJ's consideration of the remaining medical opinion evidence was erroneous. Rather, on remand, the ALJ shall re-evaluate all of the medical opinion evidence.

**II.      Whether the ALJ erred by failing to properly evaluate Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 8. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate all the medical evidence on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

**III.     Whether the ALJ erred in assessing Plaintiff's RFC and finding Plaintiff not disabled at Step Five.**

Plaintiff contends the ALJ also erred in assessing her RFC. Dkt. 8. The Court concludes the ALJ committed harmful error when she failed to properly consider the opinion of Dr. Nielsen. *See* Section I.A, *supra*. The ALJ is directed to re-evaluate all of the medical opinion evidence and Plaintiff's subjective symptom testimony. *See* Sections I and II, *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ must also re-evaluate the findings at Step Five to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's

RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

IV.     **Whether this case should be remanded for an award of benefits or further administrative proceedings.**

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

In this case, the Court has determined the ALJ committed harmful error regarding Dr. Nielsen's medical opinion. Because outstanding issues remain regarding the medical evidence, Plaintiff's subjective symptom testimony, and Plaintiff's RFC, remand for further consideration of this matter is appropriate. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

1  this matter is remanded for further administrative proceedings in accordance with the findings

2  contained herein.

3      Dated this 9th day of November, 2018.

5  _David W. Christel_____

6  David W. Christel
   United States Magistrate Judge